1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER K. CLARK, | Case No. 2:21-cv-01326-KJM-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| MARSHALL SAIPHER, *et al.*, | ECF No. 6 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 5 |
| | THIRTY-DAY DEADLINE |

Plaintiff Christopher Clark is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that he has received mediocre medical treatment. I find that plaintiff's claims should be dismissed. Plaintiff has filed an application to proceed *in forma pauperis*, ECF No. 2, which makes the proper showing and will be granted.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was diagnosed with internal hemorrhoids in 2013. ECF No. 5 at 3. He claims that his medical treatment has been "mediocre"—which has included several colonoscopies, intermittent prescriptions for different medications, and several conversations with doctors at Wasco State Prison and California Health Care Facility. *Id.* He claims that he told

1  nurse practitioner Marshall Saipher and Chief Physician and Surgeon R. Singh that he was in
2  pain, but that their response was what he "stated in [his] Health Care Grievance Appeal and
3  Government Claim Form" and that they "delayed and denied effective medical treatment." *Id.*
4  Plaintiff did not include the health care grievance appeal with his complaint or allege facts from
5  it. Further, he states that he has not received a hemorrhoidectomy. *Id.*

6  Plaintiff's claims cannot survive screening. To state an Eighth Amendment claim for
7  deliberate indifference based on allegations of delay or denial of treatment, a plaintiff must allege
8  that a defendant acted with deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1060
9  (9th Cir. 2004). Here, plaintiff has not pled any facts from which the court could reasonably infer
10 that any defendant violated his Eighth Amendment rights. To the extent that plaintiff alleges any
11 wrongdoing by Saipher and Singh, that wrongdoing appears to be limited to a disagreement over
12 treatment. *See Toguchi*, 391 F.3d at 1058 (finding that a disagreement over the necessity of or
13 extent of medical treatment does not establish deliberate indifference). Plaintiff also names Anise
14 Adams and Kathleen Allison as defendants. ECF No. 5 at 3. Plaintiff's claim against Adams
15 fails because he has not alleged any facts concerning Adams. As for Allison, the only allegation
16 he lodges against her is that she is "responsible for everything the staff does!" *Id.* Plaintiff's
17 claim against Allison fails because he has only alleged that she knew of alleged constitutional
18 violations. *See Ivey*, 673 F.2d at 268 (concluding that vague and conclusory allegations
19 concerning the involvement of supervisory personnel in civil rights violations are not sufficient to
20 support a claim).

21                                          **Conclusion**

22  The court has screened plaintiff's complaint and finds that it fails to state a cognizable
23 claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed
24 with this suit. As explained below, such an amended complaint would need to allege what each
25 defendant did and why each defendant's actions violated plaintiff's rights. If plaintiff fails to
26 amend his complaint within thirty days, I will issue findings and recommendations that plaintiff's
27 complaint be dismissed for the reasons stated in this order.

28

3

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's rights. *See Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by each individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, previous complaints no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 6, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   March 28, 2022                                                       
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE