1

2

3

4

5

6

7                                        UNITED STATES DISTRICT COURT

8                             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    CHRISTOPHER C. CLARK,                         Case No.  2:21-cv-01326-DAD-JDP (PC)

11                    Plaintiff,                    SCREENING ORDER THAT PLAINTIFF:

12          v.                                           (1) PROCEED ONLY WITH HIS
                                                         EIGHTH AMENDMENT
13    MARSHALL SAIPHER, *et al.*,                        DELIBERATE INDIFFERENCE AND
                                                         CALIFORNIA TORT CLAIMS ACT
14                    Defendants.                         CLAIMS AGAINST DEFENDANTS
                                                         SAIPHER AND NASEER; OR
15
                                                         (2) DELAY SERVING ANY
16                                                       DEFENDANT AND FILE AN
                                                         AMENDED COMPLAINT
17
                                                   ECF No. 18
18
                                                   THIRTY-DAY DEADLINE
19

20

21          Plaintiff, a state prisoner proceeding without counsel, alleges that defendants violated his

22    Eighth Amendment rights by denying him adequate medical care for internal hemorrhoids.  ECF

23    No. 18 at 4-5.  He also brings those same claims under the California Torts Claims Act

24    ("CTCA").  *Id.* at 14.  After reviewing the allegations in the amended complaint, I find that

25    plaintiff has stated cognizable Eighth Amendment deliberate indifference and CTCA claims

26    against defendants Saipher and Naseer.  No other claims are viable.  Plaintiff may proceed only

27    with his claims against Saipher and Naseer, or he may delay serving any defendant and file

28    another amended complaint.

                                                      1

**Screening Order**

**I.       Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that, since 2013, he has suffered from internal hemorrhoids that cause intense pain and bleeding.  ECF No. 18 at 4-5.  He was approved for surgery on these hemorrhoids in 2015.  *Id.* at 5.  Defendant Saipher was his primary care provider and, without medical justification, delayed this surgery until 2021.  *Id.* at 5-6.  Plaintiff claims that defendant Naseer was Saipher's supervising physician and aware of the needless delay.  *Id.* at 6-7.  These allegations are sufficient to state viable Eighth Amendment deliberate indifference and CTCA claims against both defendants.

Plaintiff's other claims are non-cognizable.  As for defendants Singh and Gates, he alleges, in what appears to be boilerplate language, that these defendants denied his medical grievances and did not meaningfully weigh his allegations.  *Id.* at 7-8.  Prisoners have no right to a particular grievance procedure, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), and plaintiff has not sufficiently alleged that these defendants were involved in or aware of the deficiencies in his care.

Plaintiff also brings claims against two "Doe" defendants—a food administrator and a pharmacist.  ECF No. 18 at 9-10.  He alleges that the food administrator failed to provide him with a special date in the days before his surgery and that the pharmacist failed to ensure that his prescriptions were timely filled.  *Id.*  These allegations are threadbare and do not contain any specific allegations that, taken as true, would show these defendants acted with deliberate indifference rather than simple negligence.

Plaintiff may either proceed only with the cognizable claims identified above, or he may delay serving any defendant and file an amended complaint.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended

complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his Eighth Amendment and CTCA claims against defendants Saipher and Naseer or delay serving any defendant and submit another amended complaint.  If he elects to proceed with the viable claims, he must voluntarily dismiss all other claims and defendants.

2.  Failure to comply with this order may result in the dismissal of this action.

3.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    October 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4